UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS LESKOVEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 4846 |
| | ) | |
| CIRCUIT WORKS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Circuit Works Corporation ("CWC") to dismiss part of Plaintiff Thomas Leskovec ("Leskovec")'s complaint under Fed. R. Civ. P. 12(b)(6). As to the remaining allegation, CWC also requests that Leskovec provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations of Leskovec's complaint, which we must accept as true for the purposes of this motion, CWC terminated him on February 23, 2007, in retaliation for engaging in a protected activity. On March 7, 2007, Leskovec filed a retaliation charge against CWC with the Equal Employment Opportunity Commission

("EEOC"); he cross filed with the Illinois Department of Human Rights ("IDHR") on March 17, 2007.

On February 11, 2004, Leskovec filed a discrimination charge with the EEOC against his former employer Game Works. In his EEOC claim against CWC, he identified several instances in which CWC allegedly retaliated against him for opposing unlawful discrimination at Game Works. He perceived that Game Works and CWC share a business relationship, and that Game Works notified CWC of the 2004 filing. Perceiving that CWC had notice of his 2004 filing, Leskovec asserted that CWC's discrimination towards him was in retaliation for the original complaint he filed against Game Works. Aside from the retaliation claim, Leskovec's EEOC charge does not allege any other form of discrimination.

On July 9, 2008, the EEOC dismissed the CWC charge and notified Leskovec of his right to sue in federal court. He filed the instant lawsuit on August 25, 2008, alleging that CWC retaliated against him for engaging in protected activity. However, Leskovec now complains that CWC discriminated against him on the basis of race, sex, and national origin pursuant to 42 U.S.C. § 2000e-2. Furthermore, he alleges age discrimination under 29 U.S.C. § 623. He brings the age, national origin, race, and sex discrimination allegations for the first time. CWC responded to Leskovec's complaint by filing the instant motion to dismiss the new claims under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim and moves for a more definite statement as to the retaliation claim pursuant to Fed. R. Civ. P. 12(e).

## LEGAL STANDARD

### I. Motion to Dismiss for Failure to State Claim

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Lukes Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Claims should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

## II. Motion for a More Definite Statement

If a pleading to which a responsive pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, then the party may move for a more definite statement before serving a responsive pleading. Fed. R. Civ. P. 12(e). The motion for a more definite statement should be denied if the underlying pleading satisfied the notice pleading requirements of Rule 8. *Teradyne v. Clear Communications Corp.*, 707 F. Supp. 353, 354 (N.D. Ill. 1989). When a *pro se* litigant is involved, the Federal Rules' "relaxed and formal" pleading standards are to be interpreted "ultraliberally." *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996).

## DISCUSSION

## I. Failure to Exhaust Administrative Remedies

CWC asserts that Leskovec's allegations on the basis of age, national origin, race, and sex discrimination should be dismissed because he failed to advance them in his EEOC charge. Generally, a plaintiff bringing claims under Title VII of the Civil Rights Act of 1964 must first raise those claims with the EEOC. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The test for determining whether the charge incorporates the claims in a complaint is if "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in

the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* To be reasonably related, a charge and a complaint must describe the same conduct and implicate the same people. *See Kerstig v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). Although failure to exhaust administrative remedies is an affirmative defense, when a plaintiff pleads facts showing that his claim is barred by that defense, it is appropriate to address it in the context of a motion to dismiss. *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 991-92 (N.D. Ill. 2007). In this case, Leskovec charged CWC with retaliation for opposing unlawful activity. The EEOC charge does not contain discrimination claims pursuant to Title VII and the Age Discrimination in Employment Act that Leskovec now alleges in the complaint.

The retaliation claim arises out of Leskovec's prior act of filing a charge with the EEOC against his former employer Game Works. He ostensibly lodged the EEOC charge against CWC for discriminating against him in retaliation for reporting Game Works' conduct. Even the broadest reading of Leskovec's charge does not include any charge against the individuals at Game Works, and the EEOC rendered its decision based on the facts pertaining to retaliation. These new discrimination claims do not involve the same individuals who were at issue in the EEOC charge. Thus, the new allegations are not reasonably related to those for which Leskovec has exhausted his

administrative remedies. Therefore, the discrimination claims brought under Title VII and the Age Discrimination in Employment Act will be dismissed for Leskovec's failure to exhaust administrative remedies.

**II. Motion for a More Definite Statement**

CWC also requests that the court order Leskovec to provide a more definite statement as to the retaliation claim. In ¶ 12 of his complaint, Leskovec checked the box alleging that CWC retaliated against him for engaging in a protected activity. He states that the claim is based on the testimony provided at the IDHR's fact-finding conference. CWC argues that it cannot be sure from Leskovec's complaint whether the retaliation claim is based on the Game Works' charge or related to the new acts of discrimination.

Leskovec relies on the evidence and testimony elicited at the fact-finding conference. One can infer that he intends to proffer the same material that he did before, which means that the retaliation claim is based on the Game Works' charge. Therefore, CWC has sufficient notice of the factual allegations Leskovec asserts in support of his retaliation claim by virtue of its involvement at the fact-finding conference. As such, CWC will answer the present complaint.

## CONCLUSION

Based on the foregoing, the motion to dismiss the Title VII and Age Discrimination in Employment claims is granted. The motion for a more definite statement is denied.

Charles P. Kocoras
United States District Judge

Dated:   December 15, 2008