UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| THOMAS LESKOVEC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 4846 |
| | ) | |
| CIRCUIT WORKS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Circuit Works Corporation ("CWC") for summary judgment. For the reasons set forth below, the motion is granted.

**BACKGROUND**[1]

Plaintiff Thomas Leskovec ("Leskovec") began his employment with CWC through a temporary agency in April 2005 and received an offer for a permanent position with the company on August 1, 2005. By all accounts, Leskovec's first year at

---

[1] Although Leskovec is pro se, he is still required to comply with the procedural rules of the Court. *See, e.g., Pearle Vision v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Local Rule 56.1, of which Leskovec was notified on June 30, 2009, mandates that a party opposing a motion for summary judgment follow the procedures set forth in the rule. Failure to comply works as an admission of the facts asserted by the party moving for summary judgment. As Leskovec's response is not in line with the provisions of Local Rule 56.1, we accept CWC's undisputed facts as true.

CWC went smoothly. In August 2006, Leskovec received an "exceeds expectations" performance evaluation from his direct supervisor, Lori Woten. Leskovec's job at CWC primarily focused on work for one customer, Incredible Technologies. Sometime in 2006, however, CWC lost Incredible Technologies as a customer and ceased production on its assemblies in September 2006. After losing Incredible Technologies' business, CWC trained Leskovec to perform different tasks for other customers.

Despite CWC's training efforts, Leskovec admits that he made a series of mistakes when working on his new assignments. On November 6, 2006, CWC issued a verbal warning to Leskovec after he input incorrect information into a CWC data entry system. After issuing the verbal warning, Leskovec's supervisor, Lori Woten, met with Leskovec to go over the time entry process. On January 19, 2007, Leskovec cleaned some lenses with the wrong material, resulting in the customer's rejection of CWC components with the damaged lenses and a loss to CWC of over a thousand dollars. Around the same time, Leskovec placed some circuit board labels in the incorrect position. CWC issued a written warning to Leskovec for failing to follow directions in improperly cleaning the lenses and placing the circuit board labels in the wrong place. After issuing the written warning, Woten again worked with Leskovec to explain his errors. On February 22, 2007, Leskovec received a second written warning when he again placed some circuit board labels in the incorrect place.

Following this third warning and fourth performance error, Woten consulted with two other members of CWC's management and the three jointly made a recommendation to Tom Thompson, CWC's owner, to terminate Leskovec's employment. Thompson possessed sole authority to terminate employees. Thompson ultimately decided to terminate Leskovec on February 23, 2007.

After his termination, Leskovec filed a charge of retaliation against CWC with the Illinois Department of Human Rights ("IDHR"), which was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). Leskovec's claim alleged that CWC had retaliated against him because of a discrimination charge he had filed against his previous employer, Game Works. The IDHR dismissed Leskovec's claim against CWC for lack of substantial evidence on November 5, 2007. On July 8, 2008, the EEOC dismissed Leskovec's claim and issued a right to sue letter.

CWC and Game Works have no common ownership and have no business dealings with each other. No one involved in Leskovec's discipline or termination had ever heard of Leskovec's charge against Game Works prior to his termination. Leskovec did tell a co-worker, Rene Paz, about the Game Works charge but Paz did not discuss it with anyone involved with Leskovec's discipline or terminations. Paz himself had no involvement in the decision to discipline or terminate Leskovec.

On August 25, 2008, Leskovec filed suit in this court, alleging that CWC retaliated against him for engaging in protected activity and discriminated against him

based on the basis of age, sex, race, and national origin. We dismissed Leskovec's discrimination claims for failure to exhaust administrative remedies on December 15, 2008. CWC now moves for summary judgment on Leskovec's remaining claim of retaliation.

## LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

With these principles in mind, we turn to CWC's motion.

## DISCUSSION

Title VII prohibits an employer from retaliating against an employee who "made a charge" under Title VII. 42 U.S.C. § 2000e-3(a). Leskovec can prove retaliation using either the direct or the indirect method. *Metzger v. Ill. State Police*, 519 F.3d 677, 681 (7th Cir. 2008). Under the direct method, Leskovec must present either direct or circumstantial evidence showing that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the two. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). To make out a prima facie case under the indirect method, Leskovec must show: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; (3) he performed his job satisfactorily; and (4) he was treated less favorably than some similarly situated employee who did not engage in statutorily protected activity. *Id*. CWC is entitled to summary judgment unless Leskovec presents sufficient evidence under the direct method or makes out a prima facie case under the indirect method. CWC concedes that Leskovec engaged in statutorily protected activity by filing the discrimination charge against Game Works and further concedes that Leskovec's termination of employment constituted a materially adverse action. We will therefore confine our analysis to the remaining requirements of Leskovec's retaliation claim under the direct and indirect methods.

A preliminary note before we proceed with our analysis. Leskovec asserts that CWC employees lied during their deposition testimony. But Leskovec cannot create a triable issue of fact sufficient to survive summary judgment "if his only evidence is that [CWC's] witnesses [are] not worthy of belief." *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 815 (7th Cir. 2005) (internal quotation marks and brackets omitted). Without presenting some affirmative evidence to support his allegations of lying, Leskovec's retaliation claim cannot survive under either the direct or indirect method. *Id*.

## I. Direct Method

For Leskovec's retaliation claim to succeed under the direct method, he must establish a causal connection between his filing of a discrimination charge against his previous employer and Thompson's decision to terminate his employment at CWC. Leskovec can use either direct evidence of discriminatory animus, such as an admission by Thompson of retaliatory motive, or create a "convincing mosaic" of circumstantial evidence that would permit a jury to infer Thompson intended to retaliate against Leskovec for his complaint against an unrelated company. *Stephens v. Erickson*, 569 F.3d 779, 787 (7th Cir. 2009).

The evidence set forth in the record does not indicate that Thompson knew of the Game Works charge prior to Leskovec's termination. Although Leskovec told his

co-worker Rene Paz about the Game Works charge, nothing in the record indicates that Paz notified anyone else at CWC. Without evidence that Thompson was aware of the Game Works charge prior to his termination, Leskovec cannot directly establish that his charge against Game Works affected Thompson's decision. *See id.* at 788 (affirming summary judgment because "[a] superior cannot retaliate against an employee for a protected activity about which he has no knowledge").

We therefore conclude that Leskovec is not able to establish his retaliation claim under the direct method.

## II. Indirect Method

In the alternative, Leskovec can create a presumption of retaliation by showing that (1) he performed his job satisfactorily at the time of his termination; and (2) he was treated less favorably than a similarly situated employee who had not engaged in protected activity. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). If Leskovec presents no evidence of these two factors, there is no presumption of retaliatory motive and the employer is entitled to summary judgment..

Leskovec admits making the mistakes that led to his discipline and termination from CWC. One of these mistakes resulted in the rejection of CWC's products and cost the company over a thousand dollars. Because Leskovec has admitted he committed the errors at issue and presented no evidence to otherwise indicate his performance was met CWC's expectations, no presumption of improper motive arises.

Even if Leskovec had shown that his performance met CWC's expectations, however, he has not identified the necessary comparator that would permit us to entertain a presumption of improper behavior by his employer. To succeed under the indirect method, Leskovec must point to a "similarly situated employee who received more favorable treatment" than he did and who did not engage in conduct protected by Title VII. *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 860 (7th Cir. 2008). Leskovec has not directed us to any CWC employee who was similarly situated to him, did not file a discrimination charge, and received more favorable treatment than he received. Without a comparator, we cannot assess Leskovec's treatment at CWC in such a way that would permit his claim to proceed under the indirect method.

Because Leskovec has not set forth direct evidence or established a presumption of retaliation by his former employer, CWC is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing analysis, we grant CWC's motion for summary judgment.

Charles P. Kocoras
United States District Judge

Dated: November 6, 2009